UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-md-02246-KAM

IN RE: AIR CRASH NEAR RIO GRANDE
PUERTO RICO ON DECEMBER 3, 2008

THIS DOCUMENT RELATES TO:
11-cv-80059
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Ramo, LLC's ("Ramo") Motion for Judgment on the Pleadings against Plaintiffs Alexander Kent Clapp and Jason Clapp (the "Clapps") (DE 95) and Plaintiffs' Motion for Leave to File Amended Compliant (DE 111). The motions are fully briefed and ripe for review. The Court has carefully considered the motions and is otherwise fully advised in the premises.

I. Background

According to the First Amended Complaint filed in case number 11-cv-80059, on or about December 3, 2008, Kent W. Clapp and Tracy Turner were passengers aboard a chartered flight operated by Defendants Websta's Aviation Services ("Websta"), Ramo, Warren Mosler ("Mosler") and Rainbow International Airlines, Inc. ("Rainbow"). The aircraft crashed into a mountain near Rio Grande, Puerto Rico while en route from Terrance B. Lettersome International Airport in Tortola, British V.I. to Luis Munoz Marin International Airport in San Juan, Puerto Rico. As a result of the crash, Mr. Clapp, Ms. Turner and the pilot were all killed. (First Am. Compl. ¶¶ 18-19, DE 1-1, case no. 11-cv-80059.)

The First Amended Complaint brings counts for negligence against Websta, Ramo, Mosler and Rainbow (count one); vicarious liability against Ramo, Mosler and Rainbow for the

negligence of Websta and the pilot (count two); fraudulent transfer per se against Websta and Ramo (count three) and fraudulent transfer by implication against Websta and Ramo (count four).

Ramo moves for judgment on the pleadings, claiming that the negligence and vicarious liability counts are preempted by the Convention for the Unification of Certain Rules of International Carriage by Air (the "Montreal Convention"). Convention for the Unification of Certain Rules for International Carriage by Air, ICAO Doc. 9740, reprinted in Treaty Doc. No. 106–45, 1999 WL 33292734 (2000). Ramo contends that, once judgment on the pleadings is granted on those two counts, judgment on the pleadings should also be granted on the remaining counts pursuant to Florida Uniform Fraudulent Transfer Act, Florida Statutes § 726.101 et seq. (the "FUFTA") because the Clapps will no longer have a claim under the FUFTA.

The Clapps respond that the Montreal Convention does not preclude them from pursuing state law claims that are consistent with the remedies available under the Convention, nor does it require them to frame those claims in terms of the Montreal Convention. Alternatively, the Clapps request leave to amend their complaint to restate their wrongful death and personal injury claims under the Montreal Convention.

II.  Legal Standard

"Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." Ortega .v Christian, 85 F.3d 1521, 1524 (11th Cir. 1996) (citing Fed. R. Civ. P. 12(c)). The Court must assume that all facts in the complaint are true and view those facts in a light most favorable to the non-moving party. See Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). The Court may not enter

judgment on the pleadings unless the allegations in the complaint contain "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

### III. Discussion

The Court begins by highlighting portions of its prior Order denying Ramo's Motions to Dismiss (DE 84):

> [B]oth parties recognize that the [Montreal Convention] controls because, based on the allegations, the flight crash involved an international flight, where the countries of origin and destination are signatories to the Montreal Convention. . . . As such, the treaty, and not state law, provides the sole cause of action under which Plaintiffs can redress their injuries. See, e.g., El Al Israel, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155 (1999) (Warsaw Convention preempts all state law causes of action arising from international flights); Eli Lily and Co. v. Air Exp. Intern. USA, Inc., 615 F.3d 1305, 1308 (11th Cir. 2010) (the Montreal Convention replaced the Warsaw Convention treaty); Paradis v. Ghana Airways Ltd., 348 F. Supp. 2d 106, 111 (S.D.N.Y. 2004) (appropriate to rely on cases interpreting the Warsaw convention where the equivalent provision of the Montreal convention is substantially the same).

(DE 84 at 8-9.)

Therefore, the dispute between the parties does not stem from whether the Montreal Convention applies. Nor do the parties disagree that the Montreal Convention preempts state law claims within its scope. Instead, the parties disagree whether the state law claims alleged fall within the scope of the Montreal Convention. While Ramo contends that the state law claims are preempted, the Clapps assert that, regardless of whether the Montreal Convention provides the ultimate framework by which Clapps' right to recover is governed, the Montreal Convention does not require dismissal of state law claims that fall within that framework. The Court, however, need not resolve this question. Instead, the Court has determined that the best way to proceed is to allow the Clapps to amend their complaint.

Rule 15(c)(1)(B) provides that "'[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "Relation back causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000) (internal quotation marks omitted). "Congress intended Rule 15(c) to be used for a relatively narrow purpose. . . .[W]hile Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." Dean v. United States, 278 F.3d 1218, 1221 (11th Cir.2002). The "'critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted.'" Marko Capital of America, Inc. v. UBS AG, 543 F.3d 1254, 1260 (11th Cir.2008) (quoting Davenport, 217 F.3d at 1345 n. 8).

Furthermore, in construing Rule 15(a), the Supreme Court has held that:

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

With these standards in mind, the Court will permit Plaintiffs leave to amend the complaint to allege claims pursuant to the Montreal Convention. In so ruling, the Court notes that this amendment will not substantially change the facts or allegations of this litigation. Moreover, Ramo has been on notice of the fact that the Montreal Convention governs since its inception.

4

Significantly, Ramo asserted the Montreal Convention as a basis for removal from state court. (Notice of Removal, DE 1, case no. 11-cv-80059.)

The Court rejects Ramo's argument that the amendment is futile, prejudicial and unduly delayed. The Court also rejects Ramo's contention that the proposed amendment seeks to resurrect claims under the Montreal Convention that were extinguished on December 4, 2010 and that the "relation-back" doctrine is not applicable here. According to Ramo, because the causes of action under the Montreal Convention accrued on December 3, 2008, the date of the plane crash, the Clapps were required to bring suit within two years of that date. See Article 29(1) and 35(1) of the Montreal Convention. Ramo further contends that the two year time period is not subject to tolling.

Ramo confuses the doctrine of tolling, which is not applicable here, with the doctrine of relation-back, which is. Tolling applies in cases where a plaintiff, based on equitable principles, seeks to stop the running of the statute of limitations so that a claim which was not filed within the limitations period can be asserted. Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998) ("'[e]quitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances"); In re Chiquita Brands International, Inc. Alien Tort Statute and Shareholder Derivative Litigation, No. 08–01916–MD, 2012 WL 1021819, at * 3 (S.D. Fla. Mar. 27, 2012) (same). Relation-back applies to the amendment of a timely filed complaint to assert a new claim that arose from, and is based upon, the same facts and circumstances of the already filed claim. Fed. R. Civ. P. 15(c)(1)(B); see Chumney v. U.S. Repeating Arms Co., Inc., 196 F.R.D. 419, 427 (M.D. Ala. 2000) (explaining that tolling concerns extending the limitation period whereas relation-back would allow a plaintiff to correct a "pleading error" if the original complaint was timely filed). The

Clapps seek to bring a claim pursuant to the Montreal Convention, rather than state law, based upon the same conduct, transaction and occurrence set out in the original complaint. The Clapps seek to apply the relation-back doctrine, not tolling. (DE 130 at 7-8 citing Husmann v. Trans World Airline, Inc., 169 F.3d 1151, 1154 (8th Cir. 1999); Fishman by Fishman v. Delta Air Lines, Inc., 132 F.3d 138, 143 (2d Cir. 1998); Duay v. Continental Airlines, Inc., Civil Action No. H–10–cv–1454, 2010 WL 5342824, at * 3-6 (S.D. Tex. Dec. 21, 2010)). Significantly, other federal courts have applied Rule 15(c)'s relation-back under the Warsaw Convention, and by extension, the Montreal Convention. See Pennington v. British Airways, 275 F. Supp. 2d 601, 607 (E.D. Penn. 2003) (permitting the plaintiffs leave to amend under Rule 15(c) to bring the pleading into conformity with the Warsaw Convention)[1]; Raddatz v. Bax Global, Inc., No. 07-CV-1020, 2008 WL 2435582, at * 3 (E.D. Wisc. June 16, 2008) (same).[2] Thus, the cases upon which Ramo relies are not applicable to the facts of this case.

Nor does the Court agree with Ramo that the Clapps have abandoned their claims by not bringing them initially in this action, and by voluntarily dismissing an action brought pursuant to the Montreal Convention in the Northern District of Ohio, Alexander Kent Clapp, etc., et al v. Websta's Aviation Services Inc., et al., N.D. Ohio No. 09-cv-02795-CAB. With respect to this action, as discussed previously, Rule 15(c) permits application of the relation-back doctrine. See Watkins v.

---

[1] Ramo attempts to distinguish Pennington by claiming that that complaint attempted to "track" the language of the Warsaw Convention. But both Pennington and the instant case turn on whether the complaint put the defendant on notice of a claim falling within the scope of the Warsaw or Montreal Convention. Pennington, 275 F. Supp. 2d at 604 n.4.

[2] Ramo's reliance on Motorola, Inc. v. MSAS Cargo Intern., Inc., 42 F. Supp. 2d 952, 955 (N.D. Cal. 1998) is unpersuasive. While that case ruled that the plaintiffs could not apply Rule 15(c) to the limitations period of the Warsaw Convention, that ruling was in the context of the plaintiffs adding a defendant after the expiration of the two year period.

Lujan, 922 F.2d 261, 263-64 (5th Cir. 1991) (permitting amendment of complaint to reassert claims previously dropped in an earlier amendment). Nor does Ramo provide any authority for the position that previously dismissed claims in another action preclude the Clapps from seeking to amend the complaint in this action.

Lastly, the Court rejects Ramo's assertion that it will be prejudiced if leave to amend is granted. As also discussed previously, Ramo was well-aware that the Montreal Convention applied to this case. Indeed, it sought removal to this Court on that basis. Nor does this amendment substantively change the facts or allegations at issue in this litigation. Significantly, the cases relied upon by Ramo to support its claim of prejudice involve plaintiffs who sought to amend their pleadings after factual discovery had been completed, when pleadings deadlines had expired, after the filing of a summary judgment motion, or where the plaintiff sought to assert a new theory of recovery. (DE 130 citing Reese v. Herbert, 527 F.3d 1253, 1263-64 (11th Cir. 2008); Andryx Pharmaceuticals, Inc. v. Elan Corp., PLC, 421 F.3d 1227, 1236-37 (11th Cir. 2005); Lowe's Home Centers, Inc., 313 F.3d 1307, 1314-15; (11th Cir. 2002); Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979); NCI Group, Inc. v. Cannon Services, Inc., Civ. Action No. 1:09-CV-0441-RWS, 2011 WL 5599127, *5 (N.D. Ga. Nov. 16, 2011)). Here, discovery is in the beginning stages and the deadline for summary judgment and trial is set for June and November of 2013, respectively. (DE 105.) Moreover, the underlying basis for the newly asserted claim is identical to the claim already brought. Hence, Ramo has failed to show that it would be prejudiced by granting the Clapps leave to amend.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)  Ramo's Motion for Judgment on the Pleadings against the Clapps (DE 95) is **DENIED.**

2)  Plaintiffs' Motion for Leave to File Amended Compliant (DE 111) is **GRANTED**. Plaintiffs shall file an amended complaint within 14 days of the date of entry of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of September, 2012.

_____
KENNETH A. MARRA
United States District Judge