UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-md-02246-KAM

IN RE: AIR CRASH NEAR RIO GRANDE
PUERTO RICO ON DECEMBER 3, 2008

THIS DOCUMENT RELATES TO:
11-cv-80905
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant United States of America's ("Defendant") Motion to Dismiss Certain Claims Presented by Plaintiff for Lack of Subject Matter Jurisdiction (DE 195).  Plaintiff filed a Motion to Substitute Parties (DE 202) and an Amended Motion to Substitute Parties (DE 218). The Court held oral argument on February 5, 2013.  The Court has carefully considered the motions and the arguments of the parties and is otherwise fully advised in the premises.

    I.  Background

According to the Complaint, Ken Webster was a pilot aboard a chartered airplane flight on December 3, 2008 which crashed into a mountain near Rio Grande, Puerto Rico.  The airplane was en route from Terrance B. Lettersome International Airport in Tortola, British V.I. to Luis Munoz Marin International Airport in San Juan, Puerto Rico. As a result of the crash, Ken Webster, along with two passengers, was killed.  The Complaint seeks wrongful death and survival damages on behalf of the Estate of Ken Webster and those of his heirs, Cleopatra Leola Webster, Jelani A. Sasso, Onahji Webster and Yvonne Webster-Pryce based on the allegedly negligent actions of Defendant, acting through the Federal Aviation Administration.  (DE 1, case no. 11-cv-80905.)

Under cover letter dated November 29, 2010, Plaintiff's former attorney filed four executed Standard Form F-95s ("SF-95"). The forms identified Cleopatra Webster, as the mother and personal representative of Ken Webster's estate, and Jelani A. Sasso and Onahji Webster as his sons.  Onahji Webster was identified as a minor.  Each form stated a claim in the amount of ten million dollars for wrongful death.  The word "none" appears in the boxes 12a and 12b of the forms, indicating that neither property nor personal injury damages were being sought. The forms also stated that an Estate for Ken Webster was being opened in Miami-Dade County, Florida. (Exs. 1-5, DE 216-1, 2, 3, 4, 5.)  Defendant denied all four claims in a letter dated January 20, 2011.  The denial letter acknowledged that claims had been filed on behalf of Cleopatra Webster, the Estate of Ken Webster, Jelani A. Sasso and Onahji K. Webster.  (Jan. 20, 2011 letter, DE 216-7.)

On January 6, 2011, Cleopatra Webster petitioned the Circuit Court of Miami-Dade County, Florida to be appointed the personal representative of the Estate of Ken Webster. (Petition for Administration, DE 216-6.)   A few months later, on May 18, 2011, Yvonne Webster-Pryce, sister of Ken Webster, was appointed personal representative of the Estate of Ken Webster by the Superior Court of the Virgin Islands. (Order Appointing Personal Representative, DE 216-8.)  Ms. Webster-Pryce commenced this wrongful death action on May 31, 2011 in the Virgin Islands on behalf of herself, the Estate and the beneficiaries (i.e., Cleopatra Webster, Ms. Webster-Pryce, Jelani A. Sasso and Onahji Webster). (Compl. ¶ 7.)  Ms. Webster-Pryce never submitted a SF-95 form on behalf of herself or anyone else. (Yvonne Webster-Pryce Dep. 32, Ex. E, DE 195-5; Yvonne Webster-Pryce's Resp. to Def.'s First Request for Production ¶¶ 4-5, Ex. J, DE 195-10.)

On September 27, 2011, Cleopatra Webster moved to dismiss her pending petition in the Circuit Court of Miami-Dade County to be named personal representative of Ken Webster's Estate, which was granted on December 8, 2011. (Petition to Close Estate, DE 216-10; Order Closing Estate, DE 216-12.)  Onahji Webster attained the age of majority on September 11, 2012 and by a December 10, 2012 Order of the Superior Court of the Virgin Islands, he was appointed Personal Representative of the Estate of Ken Webster in place of Ms. Webster-Pryce.[1] (Pl. Ans. to Second Interrog. ¶ 6, DE 216-11; Order of the Superior Court of the Virgin Islands, DE 202-1.)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant has moved to dismiss all claims by Yvonne Webster-Pryce because she did not submit an administrative claim prior to instituting this action.  In addition, Defendant seeks to dismiss the claims to recover damages for the decedent's personal injury or survival damages because such damages were not sought at the administrative level and were disclaimed on the SF-95 form.[2]

II.  Legal Standard

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994).  The Federal Tort Claims Act ("FTCA") provides a congressional exception to the United States' sovereign immunity for tort claims, under which the government may "be sued by certain parties under certain circumstances for

---

[1] Onahji Webster filed an Amended Motion to Substitute Parties seeking to substitute himself for Yvonne Webster-Pryce as Plaintiff in this action. (DE 218.)  Defendant does not oppose the motion. (DE 222.)  The motion is granted.

[2] Originally, Defendant sought dismissal of other claims in its motion to dismiss, but Defendant has since withdrawn its motion as to all but Yvonne Webster-Pryce's claim. (DE 220.)

particular tortious acts committed by employees of the government." <u>Turner ex rel. Turner v. United States</u>, 514 F.3d 1194 (11th Cir. 2008) (quoting <u>Suarez v. United States</u>, 22 F.3d 1064, 1065 (11th Cir.1994) (<u>per curiam</u>)).  Specifically, liability exists for the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment. . . ." 28 U.S.C. § 1346(b).

Attacks on subject matter jurisdiction based on Rule 12(b)(1) of the Federal Rules of Civil Procedure come in two forms-facial attacks and factual attacks. In a facial attack, the Court looks only at the complaint. See <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1528-29 (11th Cir.1990). A factual attack, on the other hand, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d 507, 511 (5th Cir.1980).[3]

### III.  Discussion

#### A.  Claims by Yvonne Webster-Price

The parties agree that Ms. Webster-Pryce failed to file a SF-95 form on her own behalf. Thus, the question before the Court is whether Ms. Webster-Pryce's claim for wrongful death damages should be dismissed for lack of subject-matter jurisdiction based on the failure to file a SF-95 form.

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  <u>Bonner v. Pritchard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Under the FTCA, a claimant who desires to obtain damages from the United States must present his or her own individual administrative claim to the affected federal agency prior to filing suit. 28 U.S.C. § 2675; see McNeil v. U.S., 508 U.S. 106 (1993) (when a suit is prematurely filed before the denial of an administrative claim, the complaint must be dismissed for failure to exhaust administrative remedies prior to filing suit); Barrett ex rel. Estate of Barrett v. U.S., 462 F.3d 28, 37 (1st Cir. 2006) (FTCA plaintiff must wait until there is final denial of the administrative claim or six months have passed without a denial, whichever occurs first, to file suit); Bonilla-Olmedo v. U.S., No. 08-1842 (CVR), 2010 WL 235137, at * 3 (D.P.R. Jan. 15, 2010) (a plaintiff cannot add new individuals seeking damages under the FTCA by identifying them for the first time in a complaint).

Plaintiff relies on Hiatt v. U.S., 910 F.2d 737 (11th Cir. 1990) for the proposition that when a claim gives notice that it is presented on behalf of an estate, it also gives notice that damages would be sought for all beneficiaries of the estate. (Resp. at 18). Hiatt involved a wrongful death action brought by Shirley Hiatt, as personal representative of the Estate of Dale Hiatt, her husband, who was killed in a midair collision. The issue presented was whether the minor son of the decedent would be permitted to pursue his claim for non-economic damages even though he had not filed an administrative claim. Id. at 739. The Eleventh Circuit held that it was clear in the administrative claim filed by the decedent's personal representative that damages would be sought for all beneficiaries of the estate. Id. at 741.

In making this ruling, the Hiatt court discussed Davis v. Marsh, 807 F.2d 908 (11th Cir.1987) (per curiam). Hiatt, 910 F.2d at 741. The Hiatt court explained that, as in Davis, it was confronted with the situation where damages were sought on behalf of one of the decedent's

5

children whose name was omitted from the administrative claim. Id. As in this case, the government in Hiatt argued that the exception recognized in Davis only applied to omitted claims of minor children. In Hiatt, however, the Eleventh Circuit held that the child of the decedent, while not eighteen, was a minor under Florida law for purposed of wrongful death claims. Id. Thus, this issue of whether an omitted claim by a person of majority age should be considered was not addressed in Hiatt.

Because Hiatt does not address whether a non-minor individual should be treated similarly to a minor child, Plaintiff points out that Hiatt cited to Transco Leasing Corp. v. U.S., 896 F.2d 1435, 1443 (5th Cir. 1990), which did not bar a FTCA suit by a widow and child when they were not identified as claimants on the administrative form. The Transco court noted that the claim was filed by the executor of the estate and was defective because it merely listed the executor's attorney as claimant. Id. at 1444. The Transco court held jurisdictional notice was satisfied because the agency was given sufficient notice to commence the investigation and place a value on the claim. Id.

Likewise, the Court in Hiatt also cited to the decision in Schuler v. United States, 675 F. Supp. 1088, 1093-94 (W.D. Mich. 1987), reversed on other grounds, 868 F.2d 195 (6th Cir. 1989). In Schuler, the court allowed recovery in a FTCA suit for the decedent's children even though the children, most of whom were not minors, had not filed individual administrative claims. Id. at 1093. In making this ruling, the Schuler court noted that under Michigan law, the personal representatives, and not the individuals who may be entitled to share in the estate, are the proper parties to pursue a wrongful death claim. In addition, the Schuler court found that Government either knew or should have known that a claim filed by the personal representatives on behalf of

the estates necessarily included the claims of the decedents' children. The Government also could have requested additional information from the personal representatives of the estates, had it felt further information was needed.  Id. at 1093; see also Morgan v. U.S., No. 99-CV-2738-T-30A, 2000 WL 34012857 (M.D. Fla. Dec. 12, 2000)       (finding the government was on notice that claims could be brought by other beneficiaries of the decedent's estate and declining to limit the holding of Hiatt to minor children); Wojciechowicz v. United States, 474 F. Supp. 2d 283, 290 (D.P.R. 2007) (denying motion to dismiss the unnamed adult family members of the estate because even if the filed claims were inadequate, the "claims for the two estates were filed the same day through the same counsel, all bore the same last name and the FAA denied all the claims via a single letter" and, therefore, the agency had sufficient additional evidence indicating the identities of the members of each estate); but see Santos Estate v. U.S., 525 F. Supp. 982, 986 (D.P.R. 1981) (adult children of deceased had to file their  individual claim to fulfill jurisdictional requirement under FTCA and could not rely on their mother's administrative claim).

      Based upon the Hiatt court's reliance on two decisions which permitted adult beneficiaries of estates who did not file a SF-95 forms to proceed, as well as the Hiatt court's emphasis that placing the United States on notice that damages are being sought for all beneficiaries of an estate is legally sufficient, the Court finds that, because the Estate filed a claim, Defendant has been put on notice that all beneficiaries of the estate have filed a claim.  Hence, the motion to dismiss Ms. Webster-Pryce's claim is denied.

    B.  Survival Damages

Defendant moves to dismiss any claims for survival damages because the damages were specifically disclaimed on the SF-95 when Plaintiff wrote "none" in the box labeled "personal

injury." In response, Plaintiff states that the FTCA does not require a claimant to enumerate each theory of liability.[4]

The Court agrees with Defendant, and dismisses any claims for survival damages. Plaintiff explicitly noted that no personal injury claims were sought and therefore Defendant was not put on notice of this claim as required. See Kokaras v. United States, 980 F.2d 20, 21-22 (1st 1992) (when claimant wrote "to be determined" in box for personal injury, the court concluded that the SF-95 lacked the necessary statement of a "sum certain" for personal injury and thus there is no jurisdiction to entertain those claims); First Commercial Bank, N.A. v. United States, 727 F. Supp. 1300, 1302-03 (W.D. Ark. 1990) (notation by claimant of "n/a" "would certainly lead the government to believe" that no personal injury claims were being made).[5]

Thus, for the reasons stated herein, the claim for survival damages is dismissed.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion to Dismiss Certain Claims Presented by Plaintiff for Lack of

---

[4] The parties do agree that, regardless of whether the law of Puerto Rico or the Virgin Islands applies, damages stemming from wrongful death and damages stemming from pain and suffering are separate causes of action. For that reason, the Court need not address, at this juncture, which law applies.

[5] The Court finds unpersuasive the cases relied upon by Plaintiff. (Resp. at 19.) In Burchfield v. United States, the Court noted that "an administrative claim can put an agency on notice of theories of liability not spelled out . . . [if] the theory put forward in the complaint filed in the district court [are] *based on the facts* that are stated in the administrative claim." Burchfield v. U.S., 168 F.3d 1252, 1256 (11th Cir. 1999) (emphasis added). Although Brown v. United States found that it was unnecessary for the claimant to file another claim for wrongful death after filing a personal injury claim because both actions were based on the same injury, the claimant in Brown did not disavow any claim. Brown v. United States, 838 F.2d 1157, 1161 (11th Cir. 1988).

Subject Matter Jurisdiction (DE 195) is **GRANTED IN PART AND DENIED IN PART.**

2)  Plaintiff's Amended Motion to Substitute Parties (DE 218) is **GRANTED.** The Clerk shall terminated for statistical purposes Plaintiff's Motion to Substitute Parties (DE 202).

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of February, 2013.

_____
KENNETH A. MARRA
United States District Judge