UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-md-2246-MARRA

IN RE:                                            This document relates to:
                                                  11-cv-80761
AIR CRASH NEAR RIO GRANDE,                        11-cv-80905
PUERTO RICO, ON DECEMBER 3, 2008                  11-cv-81062
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant United States of America's Consolidated Motion for Summary Judgment (DE 308).  The motion is fully briefed and ripe for review.  The Court has carefully considered the Motion and is otherwise advised in the premises.

I.  Background

The facts, as culled from affidavits, exhibits, depositions, answers, answers to interrogatories and reasonably inferred therefrom in a light most favorable to the non-moving party, for the purpose of this motion, are as follows:

On December 3, 2008, at approximately 1605 Coordinated Universal Time (UTC) (12:05 p.m. Atlantic Standard Time (AST)), a Rockwell International 690B aircraft, registration number N318WA, crashed into mountainous terrain approximately four nautical miles southeast of Rio Grande, Puerto Rico.  The pilot of N318WA, Ken Webster, and two passengers aboard the aircraft, Kent Clapp and Tracy Turner, were killed in the accident.

According to Defendant, Webster was in communication with Melissa Martinez, an air traffic controller at the San Juan air traffic control facility, and was receiving basic radar services while operating under Visual Flight Rules.[1]  Webster was advised four times during his flight

---

[1] Aircraft operations are generally divided into two categories, flights conducted under Visual Flight Rules (VFR) and under Instrument Flight Rules (IFR).  Pilots flying under VFR fly

that it was his responsibility to maintain flight under visual flight rules.  Despite being prohibited from entering clouds or areas of low visibility, Webster flew the aircraft into clouds and then collided with the terrain.  Webster did not notify Martinez of visibility problems and, not until right before the aircraft impacted the ground, did he mention any clouds.  Martinez had no knowledge of the visibility conditions or the terrain features at the accident site.

Plaintiffs provide a diametrically opposed factual scenario.  According to Plaintiffs, Webster was under the navigational control of Martinez, who had assigned an improper vector[2] and altitude restriction, from which Webster could not deviate without permission.  This vector sent the aircraft away from the normal approach into the airport and towards a mountainous terrain, where weather makes intermittent IFR conditions the norm.  Martinez did not issue any warnings about the weather to Webster.  Although Martinez issued a warning to Webster regarding his altitude, the warning fell short of the requirements for a safety alert.  Finally, when Webster sought to deviate from Martinez's vector, Martinez issued a second defective warning and the aircraft crashed shortly thereafter.

In moving for summary judgment, Defendant contends it is entitled to summary judgment because there is no genuine issue of material fact that this accident was caused solely by the negligence of Webster.  Defendant argues that the facts here are similar to Wojciechowicz v. United States, 576 F. Supp. 2d 241 (D.P.R. 2008), where that court found that the pilot was the

---

their aircraft by visual reference.  Pilots flying under IFR operate their aircraft by reference to their aircraft instruments and navigate via onboard navigational equipment and by using specially prepared IFR charts.

[2] VFR pilots, when assigned to fly a vector (i.e., an assigned heading), must comply with Federal Aviation Regulations (FAR) visibility requirements and remain out of meteorological conditions that would require pilots to fly under IFR.

sole cause of the accident. Defendant also argues that claims for lost future earnings are impermissible under Puerto Rico law.

In response, Plaintiffs contend that the Wojciechowicz case has no bearing on the issues presented in the instant case and that any negligence on the part of Webster creates an issue of fact. Plaintiffs do not dispute that Puerto Rico law applies to the question of liability, but dispute the application of Puerto Rico damages law which limits Plaintiffs' recovery as contrary to both Puerto Rico law and controlling Eleventh Circuit law.

## II.  Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and

the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

III. Discussion

Defendant urges this Court to find, as a matter of law, that pilot error was the sole cause of the accident in this case. Defendant argues that the facts here are similar to those in the Wojciechowicz case and therefore the Court can reach the same conclusion that pilot error, and not an error by the air traffic controller, was the cause of the accident.

The Court rejects this argument. To begin, the Court notes that the Wojciechowicz case is a decision reached after a bench trial, when all the facts, evidence and testimony was fully laid out before the Court. Cf. Childrey v. Bennett, 997 F.2d 830, 834 (11th Cir.1993) (holding that "it is the exclusive province of the judge in non-jury trials to assess the credibility of witnesses

4

and to assign weight to their testimony"). Therefore, the judge in the Wojciechowicz case had the benefit of hearing testimony, weighing the evidence, and evaluating the credibility of witnesses. These are all functions that are performed by the trier of fact as opposed to the function of the Court at the summary judgment stage, where the Court makes legal rulings on undisputed facts. In other words, while Defendant wishes the Court to follow Wojciechowicz, the Court is not in the same procedural position as the Wojciechowicz court and does not have the advantages afforded by a bench trial.

Nonetheless, the Court will summarize some of the salient facts of Wojciechowicz. That case involved an aircraft intending to land at the San Juan airport in Puerto Rico, but which crashed in the same mountainous region as in the instant case. Wojciechowicz, 576 F. Supp. 2d at 246. The pilot chose to fly under VFR, meaning he was forbidden to fly into clouds or areas of reduced visibility unless he asked the air traffic controller for permission to do so. Id. at 251, 274. When the pilot in Wojciechowicz contacted air traffic control, the pilot and air traffic control communicated about altitude and radar communications.[3] Id. at 248-49. The Wojciechowicz court noted that, at the time of that communication, the plane was in clear air and had ten miles of visibility, and could see a cloud base intersecting the rising terrain ahead. Id. at 250, 252. The Wojciechowicz court found the pilot had ample visibility and the crash could have been avoided by the pilot changing course. Id. at 277. In addition, the Wojciechowicz court found that the air traffic controller would not have known that the aircraft was in unsafe proximity to terrain. Id. at 276.

The facts in the Wojciechowicz case differ from the facts here and therefore the finding

---

[3] That was the only communication between the pilot and air traffic control.

that the pilot was the sole cause of the accident in Wojciechowicz does not control the outcome in this case. Indeed, air crashes, by their very nature, give rise to different factual circumstances. The most significant difference between the two cases is the assignment of a vector by air traffic control in the instant case. Notably, Plaintiffs have pointed to record evidence that Webster was not able to deviate from the vector once assigned, whereas in Wojciechowicz the court found that the pilot could have changed course. Another distinguishing fact concerns the air traffic controllers' knowledge that the aircraft was in proximity to dangerous terrain. While the Wojciechowicz court found the air traffic controller would not have known this, Plaintiffs have pointed to record evidence that Martinez issued warnings to Webster. Furthermore, Webster and air traffic control maintained radio contact, which could raise a question of fact as to whether Webster sought assistance from Martinez. In contrast, in Wojciechowicz, there was only one radio communication during a time of clear visibility.

Many of these assertions which Plaintiffs advance in opposition to Defendant's motion are, according to Defendant, either disputed or immaterial. The Court cannot conclude, as a matter of law, that the record evidence establishes that the air traffic controller did not act negligently when she assigned the aircraft a vector and that she did not respond improperly to the pilot after the assignment of that vector. Hence, the Court finds that summary judgment is inappropriate.

Next, the Court will address the applicable damages law. According to Defendant, Puerto Rico's choice of law rules apply. Under those rules, Defendant asserts the Court must apply the doctrine of the law of the place of the tort (i.e., the lex loci delicti), and when that doctrine is applied, Puerto Rico damages law controls. On the other hand, Plaintiffs contend that Puerto

Rico has abandoned the doctrine of lex loci delicti and replaced it with a dominant contacts approach.[4]  Plaintiffs further assert that the Court should apply Eleventh Circuit precedent that requires the application of the law of the interested jurisdiction with the least restrictive damages law.  This would result in Ohio law being applied in the Clapp/Turner cases (where the decedent in Clapp and Turner cases resided) and the law of the U.S. Virgin Islands being applied in the Webster case (where the decedent in the Webster case resided).

Assuming arguendo that Puerto Rico applies the dominant contacts approach, the Court finds, even under this approach, that the damages law of Puerto Rico should apply.  The Court reaches this holding by examining Bonn v. Puerto Rico Int'l Airlines, Inc., 518 F.2d 89 (1st Cir. 1975).  In Bonn, the court applied Puerto Rico law to an airplane crash that occurred in Puerto Rico, where the decedents were from the Virgin Islands. Id. at 91.  The Bonn court noted that the accident occurred in Puerto Rico and the airline was a Puerto Rico corporation.  Id. at 91-92.  The defendants in Bonn sought the application of the Virgin Islands damage law because it limited recovery for the plaintiffs.  Id. at 92.  However, the Bonn court explained that the Virgin Island's interest in limiting recovery was to protect its citizens who are defendants, whereas in Bonn the Virgin Islanders were the plaintiffs.  Id.  The Bonn court went on to say that even though the plaintiffs were not Puerto Rico domiciliaries, that fact did not weigh more heavily than Puerto Rico's interest in preventing airplane crashes and making sure reparations are made for the wrongful act. Id.; see also Leslie v. Construcciones Aeronauticas, S.A. (CASA), 896 F. Supp. 243 (D.P.R. 2005) (applying Puerto Rico damages law to Virgin Island residents injured in

---

[4] Defendant does not dispute that Puerto Rico courts have at times taken this approach to choice of law questions. (DE 333 at 9.)

Puerto Rico); Fornaris v. American Surety Co., 93 D.P.R. 29 (P.R. 1966)[5] (in an aircrash case where the defendant and the plaintiffs were Puerto Rico residents, the aircraft departed from Puerto Rico and the accident was "fortuitously" in the Virgin Islands, the court found that Puerto Rico, as the place of conduct and injury, had the predominant contacts).

The Court is not persuaded by Plaintiffs' reliance on Jiminez v. American Airlines, Inc., 579 F. Supp. 631 (D.P.R. 1983). In that case, the air crash occurred in Illinois, which had more limited damages rules than Puerto Rico, but the plaintiffs were residents of Puerto Rico. Id. at 632. The Jimenez court held that Puerto Rico has a "legitimate interest in offering the protection of its laws to its residents." Id. The Court noted that the fact that the accident occurred in Illinois was "entirely fortuitous." Id. at 633. Unlike Jimenez, Plaintiffs' theory in this case is not that the accident site was fortuitous. Instead, Plaintiffs assert that the accident was caused by the air traffic controller in Puerto Rico when the aircraft sought to land at its intended destination of the San Juan Airport.

Furthermore, the Court also rejects Plaintiffs' application of Eleventh Circuit law. The Federal Tort Claims Act ("FTCA") looks to the law of the state where the "act or omission occurred." 28 U.S.C. § 1346(b)(1). Here, the accident occurred in Puerto Rico and Plaintiffs are from Ohio and the Virgin Islands. These particular cases are only before a court in the Eleventh Circuit because this Court has been assigned these cases by the Judicial Panel on Multidistrict Litigation.

Finally, Defendant seeks a ruling that, under Puerto Rico law, Plaintiffs cannot recover lost future earnings unless they show economic dependence at the time of death and that their

---

[5] An official translation of this case can be found at docket entry 366.

income derived from decedent was effectively interrupted. Significantly, a recent decision from the district of Puerto Rico gives guidance here. In <u>Ortiz-Lebron v. U.S.</u>, the court held, under Puerto Rico law, the mother of a deceased police officer could only recover a maximum of $300 per month from her FTCA claim. The Court concluded that the amount awarded was the amount the officer provided to his mother in support prior to his death, and that awarding more would be imposing punitive damages, a result prohibited by Puerto Rico law. <u>Ortiz-Lebron v. U.S.</u>, 945 F. Supp. 2d 261, 265-66 (D.P.R. 2013); <u>see also</u> <u>Pate v .U.S.A</u>, 20 P.R. Offic. Trans. 591, 596 (P.R. 1988) ("a predecessor's loss of earnings is not part of the estate transmissible to his heirs"). Thus, summary judgment is granted to Defendant on this point.

<u>IV. Conclusion</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant United States of America's Consolidated Motion for Summary Judgment (DE 308) is **GRANTED IN PART AND DENIED IN PART.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of July, 2014.

                                                        KENNETH A. MARRA
                                                        United States District Judge