UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-md-2246-MARRA

IN RE:                                                This document relates to:
                                                      11-cv-80761
AIR CRASH NEAR RIO GRANDE,                            11-cv-80905
PUERTO RICO, ON DECEMBER 3, 2008                      11-cv-81062
_____/

**OPINION AND ORDER**[1]

This cause is before the Court upon Plaintiffs' Motion for Reconsideration of Order on Choice of Law (DE 385) and Plaintiffs' Request for Oral Argument (DE 386). The Court has carefully considered the Motion and is otherwise fully advised in the premises.

Plaintiffs seek reconsideration of the Court's July 1, 2014 ruling that Puerto Rico damages law applies in this case. (DE 381.) Specifically, Plaintiffs ask the Court to reconsider "the choice-of-law approach to be applied in this case" and the conclusion that "Puerto Rico law applies, rather than the law of the decedent's domicile, Ohio, under the dominant contacts approach." (Mot. at 3.)

Courts have set forth three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence and (3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering and Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004). The decision to grant a motion for reconsideration is committed to the sound discretion of the Court and will not overturned on appeal absent an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993).

---

[1] The Court presumes familiarity with its prior Orders.

In reviewing a motion to reconsider, the Court "will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction." Prudential Securities, Inc. v. Emerson, 919 F. Supp. 415, 417 (M.D. Fla. 1996) (quoting American Home Assurance, Co. v. Glenn Estess & Assoc. Inc., 763 F.2d 1237, 1239 n.2 (11th Cir. 1985)). A motion for reconsideration should not be used to reiterate arguments already made or to ask the Court to "rethink what the Court . . . already thought through." Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Nor should a motion for reconsideration be used to raise arguments that should have been made initially. See O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Prudential, 919 F. Supp. at 417. Denial of a motion for reconsideration is "especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Finally, "reconsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Mannings v School Bd. of Hillsborough County, 149 F.R.D. 235 (M.D. Fla. 1993).

In the motion for reconsideration, Plaintiffs have expanded their discussion of the legal theory set forth in the Restatement (Second) of Conflict of Laws ("Restatement") and the putative connection of the state of Ohio with respect to the choice of law relative to the award of damages. The Court will address these arguments in an effort to have a clear record.[2]

---

[2] With respect to Plaintiffs' request that the Court decide rather than assume that Puerto Rico applies the dominant contacts approach to choice of law disputes, the Court will deny this request. The Court applied, for purposes of its analysis, the dominant contacts approach.

Plaintiffs argue that the Court erred in not applying the conflict of laws approach set forth in the Restatement. The Court will set forth the pertinent sections of the Restatement.

§ 6 Choice-of-Law Principles

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

Restatement § 6.

§ 145 The General Principle

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the

parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement § 145.

§ 175 Right of Action for Death

In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Restatement § 175.

According to Plaintiffs, under the Restatement, "the jurisdiction affording the plaintiffs greater relief has the greater interest in applying its damages law, and apply the law of the decedent's domicile except where it less favorable." (Mot. at 6.) The Court disagrees. The Restatement does not rest on the principle that a choice-of-law analysis is designed to favor one party over another or provide the plaintiff with the largest potential recovery. Instead, "the most important function of choice-of-law rules is to make the interstate and international systems work well. Choice-of-law rules, among other things, should seek to further harmonious relations between states . . ." Restatement§ 6 (Comment subsection (2)d).

Nor does the Court agree with Plaintiffs attempt to minimize Puerto Rico's connection to this case by stating its "only connection" was that it was "decedents' destination and the place of the crash." (Mot. at 12.) In discussing the tort of wrongful death, the Restatement provides that the local law of the state where the injury occurred determines the rights and liabilities of the parties. Restatement § 175. The only time another state's law would apply would be if that other

4

state had a "more significant relationship" to the occurrence and the parties. Id. Comment b to section 175 of the Restatement provides that, "The place where the injury occurs is the place where the force set in motion by the action first takes effect on the person." Restatement § 175 (Comment subsection b). According to Plaintiffs' theory of the case, the accident occurred in Puerto Rico due to the actions of the air traffic controller in Puerto Rico when the aircraft sought to land at its intended destination of the San Juan Airport.[3] The Court finds, under section 145 of the Restatement, that those facts favor application of the law of Puerto Rico. Indeed, Puerto Rico is "the place where the injury occurred," "the place where the conduct causing the injury occurred" and "the place where the relationship . . . between the parties is centered." Restatement § 145, 2(a), (b), and (d).

In any event, Plaintiffs insist that the connections to Ohio are substantial enough to justify applying Ohio damages law. They point to the fact that the decedents and "most" of the survivors are from Ohio, that those survivors suffered their injuries in Ohio, that decedents booked their tickets in Ohio and were in the process of returning to Ohio at the time of the crash (Reply at 2-3). Once again, the Court turns to Comment b to section 175 of the Restatement which states that the place of injury is not "the place where the death results in pecuniary loss to the beneficiary named in the applicable death statute." Restatement § 175 (Comment subsection b). Thus, the Restatement does not give weight to the fact that the survivors suffered pecuniary loss in Ohio. Nor does the Court find it persuasive that the survivors live in Ohio. The

---

[3] For this reason, the Court finds Plaintiffs' reliance on Saloomey v Jeppeson & Co., 707 F.2d 671 (2d Cir. 1983) and Kinnett v. Sky's West Parachute Ctr., Inc., 596 F. Supp. 1039 (D. Col. 1984) unpersuasive because in those cases there were no allegations of wrongdoing that took place in the state where the crash occurred.

survivors, while they suffered the loss of a loved one, are far removed from the actual air crash incident.  See Restatement § 175 (Comment subsection d) ("The likelihood that some state other than that where the injury occurred is the state of most significant relationship is greater in those relatively rare situations where, with respect to the particular issue, the state of injury bears little relation to the occurrence and the parties").  Likewise, the fact that the decedents bought their air plane tickets in Ohio matters little to a claim relating to the survivors.

     Next, Plaintiffs note that, under Ohio law, the Clapp Plaintiffs and the estate will be entitled to damages based on lost future earnings of Kent Clapp in excess of $20 million.  Plaintiffs inform the Court that their experts have done a preliminary calculation of damages under Puerto Rico law and "it appears the Clapp Plaintiffs are entitled to only the amount of their actual economic dependence on Kent Clapp during his lifetime (perhaps as little as a few million dollars)."  (Mot. at 12.)  Based on what Plaintiffs describe as a "stark" difference between the two jurisdictions in terms of damages, Plaintiffs posit that Ohio law should apply for that reason as well.  The Court has examined the cases cited by Plaintiffs in support of their contention and finds they do not support this approach.  Indeed, some of those cases in which courts have applied the jurisdiction's law which afforded the plaintiffs greater relief involved two jurisdictions only one of which provided any remedy.  See, e.g., Pescatore v. Pan American World Airways, Inc., 97 F.3d 1, 14 (2d Cir. 1996) (applied Ohio law which permitted recovery for loss of society whereas New York law did not); In Re Air Crash Disaster Near New Orleans, Louisiana, on July 9, 1982, 789 F.2d 1092 (5th Cir. 1986) (applied Uruguay law because Louisiana law provided no remedy for a nephew's wrongful death action whereas Uruguay law

provided a remedy).[4]  Here, Plaintiffs have a remedy, albeit with a smaller recovery.  Lastly, the Court rejects Plaintiffs' claim that the Court misconstrued the cases applying Puerto Rico law and sees no reason to re-examine the cases discussed by the Court in the prior Order.[5] (Mot. at 14.)

For the foregoing reasons, the Court finds there is no basis to reconsider its prior ruling that Puerto Rico damages law applies in this case.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Plaintiffs' Motion for Reconsideration of Order on Choice of Law (DE 385) is **DENIED.**

---

[4] The Court in Piamba Cortes v. American Airlines, Inc., 177 F. 3d 1272 (11th Cir. 1999) applied Florida law to a plane crash in Columbia with a Columbian domiciliary.  While Plaintiffs are correct that Florida law was more generous to the plaintiff, the Court seemed equally persuaded by the fact that Florida law was "straightforward and easy to apply" whereas "two eminent Columbian jurists and scholars expressed profound disagreement" over Columbia law. Id. at 1303.

[5] The Court will briefly distinguish some of the remaining air crash cases relied upon by Plaintiffs.  Schoenberg v. Exportadora de Sal, S.A. de C.V. involved a plane crash in the same state that the decedents were domiciliaries, which makes that case inapposite.  Schoenberg v. Exportadora de Sal, S.A. de C.V., 930 F.2d 777 (9th Cir. 1991).  In In re Air Crash Disaster at Boston, Mass on July 31, 1973, 399 F. Supp. 1106 (D. Mass. 1975), the plane crash occurred in Massachusetts as a "happenstance," and the decedents, who were Vermont domiciliaries, boarded the plane in Vermont and the airline conducted business in both Massachusetts and Vermont.  Id. at 1112.  Thus, the court determined that the relationships between the parties and the residence of the plaintiffs and decedents required the application of Vermont law.  Id.

2) Plaintiffs' Request for Oral Argument (DE 386) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of August, 2014.

_____
KENNETH A. MARRA
United States District Judge